## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SOKOL ZUKO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-CV-92 SRW |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Sokol Zuko for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). The State has filed a response. Petitioner did not file a reply and the time for doing so has passed. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

## I.      BACKGROUND

In 2018, Petitioner pleaded guilty to one count of first-degree involuntary manslaughter and two counts of possession of a controlled substance. ECF No. 9-1, at 4-36. The Circuit Court of Jefferson County, Missouri sentenced him to twenty years imprisonment for involuntary manslaughter and ten years imprisonment for each count of possession of a controlled substance, to run concurrently. ECF No. 9-1, at 40. Petitioner appealed to the Missouri Court of Appeals, Eastern District, who affirmed his convictions. ECF No. 9-5, at 2-9. Petitioner filed a post-conviction relief ("PCR") motion pursuant to Missouri Supreme Court Rule 24.035. The PCR motion court denied Petitioner's claims and the appellate court affirmed the motion court's decision. ECF No. 9-10, at 6-7. Petitioner now seeks habeas relief before this Court.

1

The Missouri Court of Appeals, Eastern District, described the facts of Petitioner's conviction as follows:

> In January 2016, Movant operated a vehicle while under the influence of heroin and ran a red light. Movant collided with another vehicle, which resulted in the death of both his passenger and the other vehicle's driver.

(ECF No. 9-13, at 1).[1]

## II.    STANDARD

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim which has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir.

---

[1] These facts are taken directly from the Court of Appeals' Memorandum affirming Petitioner's conviction on direct appeal. This Court presumes a state court's determination of a factual issue is correct. *See* 28 U.S.C. § 2254(e).

2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## III.    DISCUSSION

Petitioner raises two claims in his Petition. First, he asserts his plea of guilty was not knowing and voluntary and should be invalidated because the factual basis for the information was incorrect. Second, he claims he received ineffective assistance of counsel due to a conflict of interest when his retained attorney represented him in both his direct appeal and postconviction relief.

### A.    Petitioner's Guilty Plea

Petitioner asserts his guilty plea is invalid due to factual inaccuracies in the charging document. Petitioner raised this argument on direct appeal. The Missouri Court of Appeals found

the indictment was sufficient, that Petitioner admitted the light was red, that Petitioner collided

with a vehicle killing the driver, and that Petitioner was under the influence of heroin while

driving the vehicle. ECF No. 9-5, at 8. Specifically, the appellate court found:

> As stated *supra*, the information charged Appellant with the class B felony of involuntary manslaughter for the death of Daniel Smentkowski (Victim) in violation of Section 565.024. The information alleged Appellant was under the influence of heroin, a controlled substance, when he was operating his vehicle. It further alleged Appellant was operating his motor vehicle with criminal negligence in that he ran a red light, and that Victim was not a passenger in Appellant's vehicle.
>
> Appellant's challenge of the sufficiency of the information fails to meet either requirement of insufficiency. Regarding the first prong, the information is sufficient because it charged the offense to which Appellant pleaded guilty: causing the death of Victim by colliding with Victim's vehicle while Appellant, driving under the influence of heroin, ran a red light. At the plea hearing, Appellant pleaded guilty and admitted he collided with Victim's vehicle. Appellant admitted he was under the influence of heroin while driving, and that he ran a red light. Because the information reasonably charged the offense to which Appellant pleaded guilty, he fails to meet the first prong.
>
> Regarding the second prong, "[a] a defendant suffers actual prejudice if the information or indictment was either so deficient that the defendant was not placed on notice as to what crime he or she was being charged with or was so lacking in clarity that the defendant was unable properly to prepare a defense. Appellant was adequately placed on notice of the crime with which he was charged, as he later knowingly and voluntarily pleaded guilty to that charge.
>
> Appellant does not demonstrate actual prejudice because the information advised Appellant of the statutes under which he was charged and would be sentenced, as well as the facts that would support conviction for the offense.
>
> Appellant's claim revolves around the allegation that the traffic light was not red, contrary to the information. Appellant does not explain why he admitted during his plea the light was red if it was not. Even if true, and the light was not red, Appellant fails to show he was prejudiced. Criminal negligence is defined by Section 562.016.5 and states, "A person **'acts with criminal negligence'** or is criminally negligent when he or she fails to be aware of a substantial and unjustifiable risk that circumstances exist or a result will follow, and such a failure constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." (emphasis in original). The information charged Appellant with causing Victim's death while driving under the influence of heroin by operating his vehicle in a criminally negligent manner. By Appellant's own

admission on appeal, he failed to yield to Victim as the traffic signal required. Appellant fails to show how he suffered actual prejudice.

(ECF No. 9-5, at 8-9) (citations omitted).

The Missouri Court of Appeals' decision is entitled to deference. "Sufficiency of an indictment or information is primarily a question of state law." *Gates v. Steele*, 2015 WL 3755912 at *7 (E.D. Mo. May 26, 2015) (quoting *Goodloe v. Parratt*, 605 F.2d 1041, 1045 n.12 (8th Cir. 1979)). The appellate court found the information complied with state law and this Court must respect the state court's decisions on state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law decisions."). Thus, unless the information and Petitioner's guilty plea violated the U.S. Constitution, this Court cannot grant him relief on this issue.

Defects in an information or indictment violate the Due Process Clause of the Fourteenth Amendment if a defect prevents the defendant from receiving notice of the charges against him. *Gates*, 2015 WL 3755912 at *7. In other words, "Due process requirements may be satisfied if a defendant receives actual notice of the charges against him, even if the indictment or information is deficient." *Id*. (quoting *Hulstine v. Morris*, 819 F.2d 861, 864 (8th Cir. 1987)). As the state appellate court found in this matter, the information provided actual notice to Petitioner of the charges against him. The information stated the statute he was charged with violating, and a brief summary of the facts. Petitioner's disagreement with those facts does not create a constitutional violation.

Furthermore, at the change of plea hearing, Petitioner stated, while under oath, that he understood the charges. ECF No. 9-1, at 6. He also admitted to the facts read by the prosecutor which included that Petitioner ran a red light and struck a vehicle being driven by the Victim. ECF No. 9-1, at 11. A defendant's representations during a plea-taking "carry a strong

5

presumption of verity and pose a "formidable barrier in any subsequent collateral proceedings.'"

*Bramlett v. Lockhart,* 876 F.2d 644, 648 (8th Cir. 1989) (quoting *Voytik v. United States,* 778

F.2d 1306, 1308 (8th Cir. 1985)). Furthermore, nothing in the record indicates that Petitioner's

guilty plea was anything but knowing and voluntary. The trial court was thorough in its questions

to Petitioner to ensure he understood the basis for the guilty plea, what rights he was waiving,

and the implications of pleading guilty. The Missouri appellate court's decision is entitled to

deference. The Court will deny Petitioner relief on this basis.

## B.      Ineffective Assistance of Counsel

In his second claim, Petitioner asserts "the motion court committed structural error in

allowing motion counsel to represent Mr. Zuko after previously representing him in his direct

appeal." ECF No. 1, at 6.

Petitioner hired the same counsel to represent him on his direct appeal and in his

postconviction relief. He then argued in his appeal of the denial of his postconviction relief that

the circuit court committed structural error when it failed to inquire into his counsel's conflict of

interest by representing him in both proceedings. The Missouri Court of Appeals rejected this

claim and held as follows:

> Structural defects are constitutional errors that defy analysis by harmless-error standards because they affect the framework within which the trial proceeds, and are not simply errors in the trial process itself. The deprivation of the right to counsel at trial is a structural defect.

> However, Movant was not denied the right to counsel at any stage of the proceedings surrounding his guilty plea. Movant retained counsel to file his direct appeal. Movant retained the same counsel to file his amended Rule 24.035 motion, even after the circuit court appointed the public defender to represent him. Even accepting Movant's argument that his counsel had a conflict of interest during the postconviction proceeding, that conflict cannot be attributed to counsel during the direct appeal. In other words, nothing about the conflict of interest impugns counsel's performance during the guilty plea or direct appeal of Movant's conviction and sentence.

Movant's complaint in this appeal truly is that his postconviction counsel failed to raise a claim of ineffective assistance of appellate counsel. This assertion is more appropriately characterized as a claim of ineffective assistance of post-conviction counsel. But the Sixth Amendment right to the appointment of competent counsel does not extend to the postconviction process. The lack of any constitutional right to counsel in post-conviction proceedings … precludes claims based on the diligence or competence of post-conviction counsel … and such claims are categorically unreviewable.

ECF No. 9-13, at 3-4.

The Missouri Court of Appeals is correct, the Sixth Amendment does not provide a right to counsel during postconviction relief proceedings. *Coleman v. Thompson,* 502 U.S. 722, 752 (1991) (citing *Pennsylvania v. Finley,* 481 U.S. 551 (1987)). Where there is no right to counsel, there can be no claim of ineffective assistance; thus, Petitioner's claim his counsel was ineffective because he had a conflict of interest necessarily fails. *Id*. at 750 (citing *Wainwright v. Torna,* 455 U.S. 586 (1982)). The Court of Appeals decision is entitled to deference. The Court will deny relief on this claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Sokol Zuko for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Sokol Zuko's Petition is **DISMISSED, with prejudice**. Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 20th day of December, 2024.

**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**